State of Louisiana vs. Poland.

---

### No. 1111.

### The State of Louisiana vs. Herman R. Poland.

Under Sec. 1056, Revised Statutes, the verdict of the jury is good, though omitting the words: "not guilty of embezzlement",—and containing only the words: "guilty of larceny".
Under the same section, the information is sufficient in charging the accused with embezzlement as "agent" merely.

APPEAL from the Criminal District Court for the parish of Orleans. Roman, J.

J. C. Egan, Attorney General, for the State, Appellee.

R. L. Belden and F. G. Chamberlain for Defendant and Appellant.

The opinion of the Court was delivered by

Fenner, J. Defendant was prosecuted, on information, for the crime of embezzlement. The jury returned a verdict "guilty of petty larceny." Error in the verdict is assigned on three grounds, viz:

1st. The section 1056 R. S. provides that in prosecutions for embezzlement, if the evidence establishes, not embezzlement, but larceny, the accused "shall not, by reason thereof, be entitled to be acquitted, but the jury shall be at liberty to return as their verdict that such person is *not guilty of embezzlement, but is guilty of larceny.*" It is contended that the verdict is defective because not finding the accused "not guilty of embezzlement."·

The point has no force. The verdict has precisely the same meaning, force and effect as if it read "not guilty of embezzlement, but guilty of petty larceny." It operates a complete bar to further prosecution for the same act.

2nd. It is contended that as the information charged the defendant with embezzlement as "agent" merely, the verdict for larceny is not authorized by Sec. 1056 R. S., whose terms only cover the case of "a person indicted for embezzlement as a clerk or servant, or person employed for the purpose or in the capacity of a clerk, or servant or depositary."

The term "agent" is certainly broad enough to cover at least some of the capacities mentioned in the section, which enlarges the designation of specific capacities contained in the statute defining the crime of embezzlement and mentions capacities only covered, in that statute, under the general term "agent." In the absence of any bill of exception, motion for new trial, motion in arrest, or objection of any kind, in the court below, we must assume that the evidence justified the verdict.

3d. It is objected that the statute only authorized a verdict or "larceny," and not for "petty larceny." In view of the Act 124 of 1874, this objection is frivolous.

Judgment affirmed.